**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 29 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BENJAMIN JOSEPH LIGERI,

Plaintiff - Appellant,

v.

AMAZON.COM SERVICES, LLC;
AMAZON PAYMENTS, INC.;
AMAZON.COM, INC.,

Defendants - Appellees.

No. 25-6933

D.C. No. 2:25-cv-00764-JHC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John H. Chun, District Judge, Presiding

Submitted June 22, 2026[**]

Before:     CANBY, BENNETT, and BADE, Circuit Judges.

Benjamin Joseph Ligeri appeals pro se from the district court's order

denying his motion for a preliminary injunction to require defendants to restore

certain product listings and to issue notices to third parties, in his action alleging

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

trademark infringement and other claims.  We have jurisdiction under 28 U.S.C.

§ 1292(a)(1).  We review for an abuse of discretion.  *Am. Trucking Ass'ns, Inc. v.*

*City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).  We affirm.

The district court did not abuse its discretion by denying Ligeri's motion for

a preliminary injunction because Ligeri failed to establish the requirements for

such relief, including that he is likely to suffer irreparable harm absent injunctive

relief.  *See id.* (explaining that a party seeking a preliminary injunction must

establish that it is likely to succeed on the merits, it is likely to suffer irreparable

harm in the absence of preliminary relief, the balance of equities tips in its favor,

and an injunction is in the public interest); *see also adidas Am., Inc. v. Skechers*

*USA, Inc.*, 890 F.3d 747, 756 (9th Cir. 2018) (explaining that damage to business

reputation can constitute irreparable harm only when "there is concrete evidence in

the record" of such damage).

We reject as unsupported by the record Ligeri's contention that the district

court was biased.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994)

(explaining that judicial rulings alone rarely support an allegation of bias).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief, or arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**